# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SHAUN P. GARVEY,

                        Plaintiff,

    -v.-                                        5:16-CV-1073 (TJM/ATB)

CHILDTIME LEARNING CENTER,

                        Defendant.

SHAUN P. GARVEY, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Shaun P. Garvey. (Dkt. Nos. 1, 2).

## I. <u>IFP Application</u>

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the

complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

II.  **Facts**

Plaintiff states that he is bringing this action pursuant to Title VII of the CivilRights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Complaint "Compl."

2

at 8).[1] Plaintiff states that the defendant offered him a job, and then "developed pretext, and discriminated against me causing no job opportunity ever happening." (Compl. at 9). Plaintiff claims that he interviewed for positions at several of the defendant's locations, but was never hired, notwithstanding his qualifications, which were listed on his resume. (Compl. at 2-5). Plaintiff describes the procedure he followed during the application process, and stated that when he attempted to determine why he was not hired, he was treated very badly, and finally threatened that if he did not leave, defendant's employees would call the police. (*Id.*)

Plaintiff alleges that Childtime has "created pretext against me by using my skills, word choice, and sexual orientation to create a way not to hire me." (*Id.* at 5). Plaintiff claims defendant's employees fabricated stories and made false accusations during the interviews. Plaintiff claims that one of the false accusations was that he never wanted to work with women, even though his current employment was "90% women."[2] (*Id.*) Plaintiff claims that he has been put on "a bulletin," and although he is not sure who can see this "bulletin," it is a "false representation of me and can hurt future opportunities applying for jobs working with children." (*Id.*)

In addition to writing his facts on blank pages, plaintiff has used the form-complaint for employment discrimination cases under Title VII and has attached the "Right-to-Sue" letter that was signed on June 7, 2016. (*Id.* at 7-12). Paragraph 6 of the form-complaint asks plaintiff to check a box or boxes, each describing the basis for the

---

[1] The court is citing to the page numbers of the complaint as assigned by the court's electronic filing system ("CM/ECF").

[2] In plaintiff's IFP application, he indicates that he is currently unemployed. (Dkt. No. 2). The court must assume that plaintiff was employed when he applied for the Childtime positions, but later lost that job.

3

alleged discrimination. (*Id.* at 8, ¶ 6). Plaintiff has indicated that the defendant discriminated against him based on his "sex." (*Id.* ¶ 6(C)). Plaintiff has also checked a box marked: "Other," next to which is a blank line on which plaintiff has written "male homosexual." (*Id.* ¶ 6(F)). The next paragraph asks the plaintiff to check boxes indicating the defendant's conduct. Plaintiff checked: "Failure to Employ," "Unequal Terms and Conditions of Employment," and "Retaliation." (*Id.* ¶¶ 7(A), 7(D), 7(F)). Plaintiff seeks substantial monetary relief.

## III. Title VII

### A. Legal Standards

Title VII prohibits employers from discriminating against an individual based upon "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)). At the pleading stage, plaintiff must allege "the essential elements of an employment discrimination claim." *Id.* (citing *Petane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The plaintiff must allege that he belongs to a protected class, suffered an adverse employment action, and that the adverse action occurred under circumstances that give rise to "an inference of discriminatory intent." *Id.* (citing *Sanders v. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)). This applies to a claim that defendant failed or refused to hire an individual based on his or her membership in a protected class. *Moore v. Greyhound Bus Lines*, No. 15-CV-5512, 2015 WL 6128874, at *2 (E.D.N.Y. Oct. 16, 2015) (quoting 42 U.S.C. § 2000e-2(a)(1)).

### B. Application

Plaintiff essentially claims that defendant did not hire him because he is a homosexual male. Plaintiff states that the "organization has created blatant and

4

intentional discrimination via my sexual orientation and being a 36-year-old man."
(Compl. ¶ XIII at p.4). In another paragraph of the complaint, plaintiff states that defendant Childtime "has created pretext against me by using my skills, word choice, and sexual orientation to create a way not to hire me and saying I wasn't a good fit and lacked qualifications. . . ." (Compl. ¶ XV at p.5). Plaintiff also alleges that defendant's employees insulted plaintiff's prior jobs, made rude statements, called the police, affected his finances and made a mockery of him, "all for just being persistent for a job I truly wanted." (Compl. ¶ XIV at p.5).

Title VII protects a limited class of individuals. *Kiley v. American Soc. for the Prevention of the Cruelty to Animals*, 296 F. App'x 107, 109 (2d Cir. 2008). Sexual orientation is not included in the statutorily protected classes. *Id.* (citing *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000)). In *Simonton*, the court held that it was well-settled "in this circuit and in all others to have reached the question that [the plaintiff] has no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation." *Simonton*, 232 F.3d at 35 (alteration in original). *See also Dawson v. Bumble & Bumble*, 398 F.3d 211, 217-18 (2d Cir. 20105) (to the extent that plaintiff claimed discrimination based on her lesbianism, she could not satisfy the first element of a prima facie case under Title VII).

Courts finding that Title VII does not protect discrimination based on sexual orientation have distinguished sexual orientation from sexual stereotyping, which is protected under Title VII. *Kiley*, 296 F. App'x at 109-110 (citing inter alia *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251-52 (1989)). More recently in *Christiansen v. Omnicom Grp., Inc.*, __ F. Supp. 3d __, 2016 WL 951581, at *12-15 (S.D.N.Y. Mar. 9,

2016), the court discussed the principles outlined above and cited Congress's frequent rejection of bills that would have extended Title VII's protection to people based on their sexual preferences. *Christiansen*, 2016 WL 951581 at *12 (citing *Simonton*, 232 F.3d at 35 (citing, e.g., Employment Nondiscrimination Act of 1996, S. 2056, 104th Cong. (1996); Employment Non-Discrimination Act of 1995, H.R. 1863, 104th Cong. (1995); Employment Non-Discrimination Act of 1994, H.R. 4636, 103d Cong. (1994)). The court specifically held that a claim based on "sexual stereotyping" should not be "'used to bootstrap protection for sexual orientation into Title VII.'" *Christiansen*, 2016 WL 951581 at *12 (quoting *Dawson*, 398 F.3d at 218-21; *Kiley*, 296 F. App'x at 109).

While the court in *Christiansen* recognized that the "broader legal landscape" has undergone significant changes since *Simonton*, the prevailing law in this circuit, and in every other circuit to consider the issue is that a line must be drawn between sexual orientation and sexual stereotyping and that *Simonton* is still valid.[3] *Id.* 2016 WL 951581 at *14. The *Christiansen* court considered Christianen's allegations, finding that ultimately, the claims were based on sexual orientation, and that such allegations would not support a claim under Title VII. *Id.* 2016 WL 951581 at *15.

Plaintiff in this case is clearly attempting to bring a Title VII claim based on sexual orientation. He repeats "sexual orientation" at least twice, and states that the company's basis for discrimination was that plaintiff was a "male homosexual."

---

[3] The court notes that the New York State Human Rights Law has included sexual orientation as a protected category. N.Y. Exec. Law § 296(a). That does not change this court's finding under Title VII. Plaintiff does not raise the New York Human Rights Law, and even if he had it is likely that the court would not exercise supplemental jurisdiction when all the federal claims would have to be dismissed. *See Christiansen*, 2016 WL 951581 at *15 (citations omitted) (dismissing state law sexual orientation discrimination claims after Title VII claims were dismissed).

Although plaintiff states in one paragraph that the basis for discrimination was "my sexual orientation *and* being a 36-year-old man," there is no explanation of why he believes that his gender alone was the cause of defendant's discrimination. There is no discussion of gender stereotyping. Plaintiff does not claim that the defendant believed that men in general could not work with children,[4] nor do any of the facts raise this inference.

Plaintiff also alleges in another paragraph that defendant treated him badly for "just being persistent for a job I truly wanted." (Compl. ¶ XIV at p.5). This statement does not support plaintiff's claim that the defendant failed to hire him based on his sexual orientation. In addition, plaintiff makes conclusions about the defendant's discrimination without any basis other than defendant's failure to hire him, defendant's employees giving plaintiff the "run around," and the fact that he is a homosexual. Plaintiff states that defendants employees made statements that were false, malicious, and harmful, but does not specify how he believed that the statements had anything to do with his sexual orientation as opposed to his stated persistence in attempting to get the job. Thus, plaintiff has failed to state a claim under Title VII.

## IV. Retaliation

### A. Legal Standards

Title VII protects an individual from retaliation. *Moore v. Greyhound Bus Lines*, No. 15-CV-5512, 2015 WL 6128874, at *2 (E.D.N.Y. Oct. 16, 2015). To state a claim for retaliation, the plaintiff must allege that he engaged in "protected activity by

---

[4] Plaintiff states that defendant's employees made false accusations during an interview that plaintiff never wanted to work with women, but this is a conclusory statement which does not show gender stereotyping.

7

opposing an employment practice made unlawful under the relevant statute," that his employer was aware of plaintiff's protected activity, that the employer took an adverse employment action against the plaintiff, and that there was a causal connection between the adverse employment action and the protected activity. *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015) (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)); *Gordon v. New York City Bd. of Ed.*, 232 F.3d 111, 113 (2d Cir. 2000). Plaintiff need not establish a prima facie case of retaliation, but must at least allege facts that state a plausible claim for retaliation. *Chang v. City of New York Dep't for the Aging*, No. 11 Civ. 7062, 2012 WL 1188427, at *6, (S.D.N.Y. Apr. 10, 2012) (Rep't-Rec.) (citation omitted).

### B. Application

In this case, plaintiff uses the word "retaliation" without explaining what protected action he took or how that affected the hiring decision. Plaintiff claims that the defendant "caused" retaliation by "creating defaming statements, police reports, and more pretext for events that never occurred." (Compl. ¶ 9 at p.9). Plaintiff does not claim that he opposed an employment practice made unlawful by the statute or that the defendant's conduct was motivated by such opposition. Plaintiff misunderstands the meaning of "retaliation" under the statute. Thus, plaintiff does not state a claim for retaliation under Title VII.

## V. **Opportunity to Amend**

### A. **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to

re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

As the complaint is written, plaintiff has failed to state a plausible claim for employment discrimination and/or retaliation. However, the court will recommend dismissal without prejudice. If the court adopts this recommendation, prior to dismissing the action, plaintiff should be afforded thirty days from the date of the order approving this report within which to submit a proposed amended complaint in order to attempt to support his claims of discrimination as stated above. He may not base a Title VII claim on sexual orientation.

Any amended complaint must be a ***complete pleading which will supercede his original complaint***. ***The original will have no further force or effect***. Thus, if the court approves this recommendation, and plaintiff does file a proposed amended complaint, he must include all of his claims in the proposed amended complaint and must attach the EEOC's right-to-sue letter as he attached in the original complaint. In addition, if the court approves this recommendation and plaintiff files a proposed amended complaint, the Clerk may return any proposed amended complaint to me for my initial review. If plaintiff fails to file an amended complaint, the court may dismiss the action with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**[5] for purposes of this Order and Report-Recommendation only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) (ii), and it is

**RECOMMENDED**, that if this court adopts this Report-Recommendation, that prior to dismissal, the plaintiff be afforded the opportunity to file a proposed amended complaint within **THIRTY (30) DAYS OF THE DATE OF THE ORDER APPROVING THIS RECOMMENDATION**, and it is

**RECOMMENDED**, that if plaintiff does file a proposed amended complaint, that the Clerk be directed to forward the proposed amended complaint to me for initial review, and it is

**RECOMMENDED**, that if plaintiff fails to file a proposed amended complaint or fails to ask for an extension of time to file a proposed amended complaint, the court **DISMISS THE ACTION WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d

---

[5] The court notes that even if plaintiff's application to proceed IFP is granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 12, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge