UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAUN P. GARVEY,

                                 Plaintiff,

     -v.-                                                           5:16-CV-1073
                                                                              (TJM/ATB)

CHILDTIME LEARNING CENTER,

                                 Defendant.

---

SHAUN P. GARVEY, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review plaintiff's proposed amended complaint (Dkt. No. 7), filed in response to my Order and Report-Recommendation, dated September 12, 2016, which was approved by the Honorable Thomas J. McAvoy, Senior United States District Judge on October 17, 2016.[1] (Dkt. Nos. 5, 8).

In my September 12th Order and Report-Recommendation, I granted plaintiff's motion to proceed in forma pauperis ("IFP") for purposes of the Order and Report-Recommendation only. (Dkt. No. 5 at 10). I found that plaintiff met the financial criteria for proceeding IFP. (*Id.* at 1). In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is

---

[1] In my September 12, 2016 Order and Report-Recommendation, I recommended dismissing plaintiff's original complaint for failure to state a claim, without prejudice to plaintiff filing an amended complaint. (Dkt. No. 5). Rather than filing objections to my recommendation, on September 29, 2016, plaintiff filed an amended complaint. (Dkt. No. 7). In view of the fact that plaintiff already filed an amended complaint, the recommendation was adopted, and the proposed amended complaint was sent to me for review. (Dkt. No. 5 at 2).

(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In my September 12, 2016 Order and Report-Recommendation, I found that plaintiff's original complaint did not state a claim, warranting dismissal without prejudice to filing an amended complaint. (Dkt. No. 5 at 4-8). Senior Judge McAvoy has now referred plaintiff's proposed amended complaint to me for initial review to determine whether plaintiff has cured the deficiencies in his original complaint. (Dkt. No. 8).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' proposed amended complaint complaint under the above standard, continuing to keep in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

**II.    Facts**

Plaintiff states that he is bringing this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Amended Complaint ("AC") ¶ 4). Plaintiff has again utilized the form-complaint, provided by the court for Title VII actions. Paragraph 6 of the form-complaint asks the plaintiff how the

defendant's conduct was "discriminatory" and tells plaintiff to "check all that apply." (AC ¶ 6). Plaintiff has checked boxes next to "My Sex (or sexual harassment)" and "Other." (AC ¶ 6(C), 6(F)). In the space provided next to "Other," plaintiff has handwritten "Discrimination based on gay male of 36 years old." (AC ¶ 6(F)).

The next paragraph of the form-complaint asks the plaintiff to describe the defendant's alleged "conduct." (AC ¶ 7). Plaintiff has checked boxes next to "Failure to Employ," "Retaliation," and "Other." (AC ¶ 7(A), 7(F), and 7(G)). In the space provided next to "Other," plaintiff has written the following: "By creating unlawful pretex [sic] in hiring process advertly [sic] causing a Domino effect of issues including employment." (AC ¶ 7(G)).

Plaintiff has typewritten and handwritten pages attached to the form-complaint. (AC at 6-7).[2] Plaintiff has also attached various documents that appear to have been printed from defendant's website, that deal with job applications, employment and salary facts, tips for applying, and other information related to defendant Childtime Learning. (AC at 8-13). Some of these pages contain highlighted passages of job descriptions and plaintiff's handwritten notes in the margins.[3] (AC at 12-13). Plaintiff's handwritten notes attempt to explain why he highlighted passages from the job descriptions. Plaintiff states that these highlighted passages show where there exists

---

[2] Plaintiff has not numbered his pages sequentially. Thus, when the court refers to a specific page number, it will refer to the page assigned to the proposed amended complaint by the court's electronic filing system – CM/ECF.

[3] The court notes that these job descriptions appear to apply to other educational institutions. (AC at 12-13). In addition to defendant Childtime, the heading of the pages containing these job descriptions also contain the names: Learning Care Group, La Petite Academy, Montessori Unlimited, The Children's Courtyard, Tutor Time, and Everbrook Academy. (*Id.*)

potential for "profile hiring," leading to "potential discrimination." (AC at 12). Plaintiff has attached what appear to be copies of New York State Education Department Regulations, governing the "Voluntary Registration of Nonpublic Nursery Schools and Kindergartens." (AC at 14-15). Plaintiff's handwritten notes in the margin state that these "actual New York State" requirements show that plaintiff's resume was "above requirements," but he was still not hired, and that defendant is not "practicing guidelines." (AC at 14). Finally, plaintiff has attached documents from a website which generally explains "Preschool Teacher Requirements and Career Information." (AC at 17-18). Plaintiff's handwritten notes in the margin of one of these pages state that eighteen and twenty-one year old "kids" would not be able to "create these essential tasks." (AC at 18).

In the typewritten portion of plaintiff's amended complaint, he states that he has "re-amended" his complaint alleging "retaliation" in the refusal to hire him "based on being a homosexual man, and being 36 years old." (AC at 6). Plaintiff states that the defendant "adversely" did not hire him because he was a homosexual man, and that this adverse action was "taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding." (*Id.*) Plaintiff states that defendant Childtime interviewed him at three separate locations, and they offered him a job at two of these locations, but never told him when he was going to start, and then gave him the "runaround," which ultimately resulted in a failure to hire him. (AC at 6 ¶¶ III, IV, VI).

Plaintiff alleges that Childtime lied to the Human Rights Commission about the "interview process," making plaintiff seem "creepy." Plaintiff claims that defendant

4

did not hire him because "they assumed obvious or not I was a homosexual male by calling me 'creepy', and equating [sic] gay males are not acceptable for their school environment. As if I would be harmful to the children." (AC at 6 ¶ IX). Plaintiff claims that Childtime made statements to the police and to "Human Rights," alleging things that never occurred and placing plaintiff on a "do not hire bulletin," ruining his chances for future employment. (AC at 6 ¶¶ VII, X).

Plaintiff has also attempted to add a claim of "age discrimination." In one of his handwritten notes, he states that "I know age discrimination also played a huge part in my not getting hired, along with being a gay male." (AC at 7). Plaintiff claims that defendant was recruiting 18 and 21 year olds, even though these candidates could not meet the proper requirements. (*Id.*)

### III.   Title VII

#### A.   Legal Standards

Title VII prohibits employers from discriminating against an individual based upon "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)). At the pleading stage, plaintiff must allege "the essential elements of an employment discrimination claim." *Id.* (citing *Petane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The plaintiff must allege that he belongs to a protected class, suffered an adverse employment action, and that the adverse action occurred under circumstances that give rise to "an inference of discriminatory intent." *Id.* (citing *Sanders v. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)). This applies to a claim that defendant failed or refused to hire an individual based on his or her membership in a protected class. *Moore v. Greyhound Bus Lines*, No. 15-CV-5512, 2015 WL 6128874, at *2 (E.D.N.Y.

5

Oct. 16, 2015) (quoting 42 U.S.C. § 2000e-2(a)(1)).

### B. Application

Although plaintiff has "amended" his complaint, his basis for alleging Title VII discrimination is still the same. He claims that defendant failed to hire him because he is a gay male, even though he has checked the box on the form indicating that he was discriminated against because of his gender alone. Plaintiff does not claim that defendant Childtime only hired women, or discriminated against plaintiff because he was a man.

As I stated in my prior Order and Report-Recommendation, Title VII protects a limited class of individuals. *Kiley v. American Soc. for the Prevention of the Cruelty to Animals*, 296 F. App'x 107, 109 (2d Cir. 2008). Sexual orientation is not included in the statutorily protected classes. *Id.* (citing *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000)). In *Simonton*, the court held that it was well-settled "in this circuit and in all others to have reached the question that [the plaintiff] has no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation." *Simonton*, 232 F.3d at 35 (alteration in original). *See also Dawson v. Bumble & Bumble*, 398 F.3d 211, 217-18 (2d Cir. 20105) (to the extent that plaintiff claimed discrimination based on her lesbianism, she could not satisfy the first element of a prima facie case under Title VII).

Courts finding that Title VII does not protect discrimination based on sexual orientation have distinguished sexual orientation from sexual stereotyping, which is protected under Title VII. *Kiley*, 296 F. App'x at 109-110 (citing inter alia *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251-52 (1989)). More recently in *Christiansen*

*v. Omnicom Grp., Inc.*, __ F. Supp. 3d __, 2016 WL 951581, at *12-15 (S.D.N.Y. Mar. 9, 2016), the court discussed the principles outlined above and cited Congress's frequent rejection of bills that would have extended Title VII's protection to people based on their sexual preferences. *Christiansen*, 2016 WL 951581 at *12 (citing *Simonton*, 232 F.3d at 35 (citing, e.g., Employment Nondiscrimination Act of 1996, S. 2056, 104th Cong. (1996); Employment Non-Discrimination Act of 1995, H.R. 1863, 104th Cong. (1995); Employment Non-Discrimination Act of 1994, H.R. 4636, 103d Cong. (1994)). The court specifically held that a claim based on "sexual stereotyping" should not be "'used to bootstrap protection for sexual orientation into Title VII.'" *Christiansen*, 2016 WL 951581 at *12 (quoting *Dawson*, 398 F.3d at 218-21; *Kiley*, 296 F. App'x at 109).

While the court in *Christiansen* recognized that the "broader legal landscape" has undergone significant changes since *Simonton*, the prevailing law in this circuit, and in every other circuit to consider the issue is that a line must be drawn between sexual orientation and sexual stereotyping and that *Simonton* is still valid.[4] *Id.* 2016 WL 951581 at *14. The *Christiansen* court considered Christianen's allegations, finding that ultimately, the claims were based on sexual orientation, and that such allegations would not support a claim under Title VII. *Id.* 2016 WL 951581 at *15. *See also Cargian v. Breitling USA, Inc.*, No. 15 Civ. 1084, 2016 WL 5867445, at *3-4 (S.D.N.Y.

---

[4] The court notes that the New York State Human Rights Law has included sexual orientation as a protected category. N.Y. Exec. Law § 296(a). That does not change this court's finding under Title VII. Plaintiff does not raise the New York Human Rights Law, and even if he had it is likely that the court would not exercise supplemental jurisdiction when all the federal claims would have to be dismissed. *See Christiansen*, 2016 WL 951581 at *15 (citations omitted) (dismissing state law sexual orientation discrimination claims after Title VII claims were dismissed).

Sept. 29, 2016) (recognizing that despite "significant changes in the broader legal landscape" since *Simonton*, the law in the Second Circuit does not recognize Title VII claims based on sexual orientation). This includes "perceived" sexual orientation. *Argeropoulos v. Exide Technologies*, No. 08-CV-3760, 2009 WL 2132443, at *3 (E.D.N.Y. July 8, 2009) (citing *Rissman v. Chertoff*, No. 08–CV–7352, 2008 WL 5191394, at *2 (S.D.N.Y. Dec.12, 2008)).

IV. **Age Discrimination**

    A.    **Legal Standards**

Under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 et seq., the standard is similar to that under Title VII. *Cargian*, 2016 WL 5867445 at *3. Under the ADEA, the plaintiff must show that he belonged to a protected class, he was qualified for the position that he held or that he sought, he suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to the inference of discriminatory intent. *Id.* (quoting *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)).

    B.    **Application**

Unfortunately for plaintiff in this case, the ADEA "protected class" begins at age 40. 29 U.S.C. § 631(a) ("the prohibitions in this chapter shall be limited to individuals who are at least 40 years of age). Plaintiff asserts that he is only 36 years old, so he cannot meet the first requirement for protection under the ADEA, and to the extent that he is now trying to raise a claim of age discrimination, any such claim must be dismissed.

## V.  Retaliation

### A.  Legal Standards

Title VII protects an individual from retaliation. *Moore v. Greyhound Bus Lines*, No. 15-CV-5512, 2015 WL 6128874, at *2 (E.D.N.Y. Oct. 16, 2015).  To state a claim for retaliation, the plaintiff must allege that he engaged in "protected activity by opposing an employment practice made unlawful under the relevant statute," that his employer was aware of plaintiff's protected activity, that the employer took an adverse employment action against the plaintiff, and that there was a causal connection between the adverse employment action and the protected activity. *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015) (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)); *Gordon v. New York City Bd. of Ed.*, 232 F.3d 111, 113 (2d Cir. 2000).  Plaintiff need not establish a prima facie case of retaliation, but must at least allege facts that state a plausible claim for retaliation. *Chang v. City of New York Dep't for the Aging*, No. 11 Civ. 7062, 2012 WL 1188427, at *6, (S.D.N.Y. Apr. 10, 2012) (Rep't-Rec.) (citation omitted).

### B.  Application

Although plaintiff has attempted to add facts to his original complaint, none of these facts allege that plaintiff engaged in a "protected activity" by opposing an employment practice that is made unlawful by either Title VII or the ADEA.  Plaintiff states that the defendant "retaliated" against plaintiff by refusing to hire him because he was homosexual. (AC at 6).  Plaintiff also alleges that the defendant's employees called the police and placed him on a "do not hire bulletin."  However, that conduct is not the basis for a retaliation claim unless the conduct resulted from plaintiff opposing an

9

employment practice made unlawful by the statute.[5]  Plaintiff does not claim that he opposed such an employment practice or that the defendant's conduct was motivated by that opposition.  Plaintiff continues to misunderstand the meaning of "retaliation" under the statute.  Failure to hire may be an adverse action, but it must be causally related to plaintiff's engaging in a "protected activity."  Simply applying for a job is not a protected activity.  Otherwise, every discriminatory failure to hire would also state a retaliation claim.

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

This court has already afforded plaintiff the opportunity to amend, and plaintiff

---

[5] Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an individual because he or she opposed any practice made unlawful by the statute, including making a charge, testifying, or participating in a Title VII investigation or proceeding. *Workneh v. Super Shuttle, Internat'l*, No. 15-CV-3521, 2016 WL 5793744, at *6 (S.D.N.Y. Sept. 30, 2016) (citing 42 U.S.C. § 2000e-3(a)).  Although filing an EEOC complaint is protected activity, plaintiff in this case filed his complaint after the defendant allegedly failed to hire him. *See Pinero v. Long Island State Veterans Home*, 375 F. Supp. 2d 162, 168 (E.D.N.Y. 2005) (finding no inference of retaliatory animus where the adverse employment action occurred before the protected activity).  Thus, the defendant's failure to hire plaintiff, in addition to the other allegedly harassing conduct, was not in retaliation for filing his complaint.

has continued to allege the same claims that he raised in his original complaint, albeit in more detail. Unfortunately, the additional detail was insufficient to state a claim under Title VII or under the ADEA. It is unlikely that further attempts at amendment will be productive, and this court will now recommend dismissal with prejudice for failure to state a claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of this Order and Report-Recommendation only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 19, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge