**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

SHAUN P. GARVEY,

        **Plaintiff,**

    v                                            5:16-CV-1073
                                                            (TJM/ATB)

**CHILDTIME LEARNING CENTER,**

        **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

# DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In his Order and Report - Recommendation, Magistrate Judge Baxter reviewed plaintiff's amended complaint ("AC") [dkt. # 7] pursuant to 28 U.S.C. § 1915 and recommended that the action be dismissed with prejudice for failure to state a viable claim. Dkt. # 9. In apparent objection to the recommendation, plaintiff submitted a proposed second amended complaint ("2nd AC")[dkt. # 10].

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the

district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III. DISCUSSION

In a previous Order and Report-Recommendation, Magistrate Judge Baxter recommended that plaintiff's original complaint be dismissed without prejudice to filing an amended complaint. Dkt. # 5. Apparently accepting Magistrate Judge Baxter's recommendation, plaintiff immediately filed the AC. Dkt. # 7. The Court adopted the recommendation that the original complaint be dismissed without prejudice, and referred the AC to Magistrate Judge Baxter for a new 28 U.S.C. § 1915 review. Dkt. # 8.

In addressing the AC, Magistrate Judge Baxter found that it appeared to assert claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and age discrimination and retaliation under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 *et seq*. *See* dkt. # 9.

#### a. Title VII Discrimination

As to the Title VII discrimination claim, Magistrate Judge Baxter recommends dismissal. Plaintiff alleged that the defendant "adversely" did not hire him because he was

2

a homosexual man, and that this adverse action was "taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding." AC at 6. Plaintiff further alleged that defendant engaged in "profile hiring" leading to "potential discrimination on age, gender, color, etc.," AC at 12, and did not hire him because "[defendant] assumed obvious or not I was a homosexual male by calling me 'creepy', and equating [*sic*] gay males are not acceptable for their school environment. As if I would be harmful to the children." *Id.,* ¶ IX. Plaintiff also alleged that defendant Childtime interviewed him at three separate locations, and offered him a job at two of these locations, but never told him when he was going to start, and then gave him the "runaround," which ultimately resulted in a failure to hire him. AC at 6 ¶¶ III, IV, VI. Plaintiff also claimed that Childtime made statements to the police and to "Human Rights," alleging things that never occurred and placing plaintiff on a "do not hire bulletin," ruining his chances for future employment. AC at 6 ¶¶ VII, X.

> In addressing the sufficiency of this claim, Magistrate Judge Baxter wrote:
>
> Although plaintiff has "amended" his complaint, his basis for alleging Title VII discrimination is still the same. He claims that defendant failed to hire him because he is a gay male, even though he has checked the box on the form indicating that he was discriminated against because of his gender alone. Plaintiff does not claim that defendant Childtime only hired women, or discriminated against plaintiff because he was a man.
>
> As I stated in my prior Order and Report-Recommendation, Title VII protects a limited class of individuals. *Kiley v. American Soc. for the Prevention of the Cruelty to Animals*, 296 F. App'x 107, 109 (2d Cir. 2008). Sexual orientation is not included in the statutorily protected classes. *Id.* (citing *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000)). In *Simonton*, the court held that it was well-settled "in this circuit and in all others to have reached the question that [the plaintiff] has no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation." *Simonton*, 232 F.3d at 35 (alteration in original). *See also Dawson v. Bumble*

3

*& Bumble*, 398 F.3d 211, 217-18 (2d Cir. 20105) (to the extent that plaintiff claimed discrimination based on her lesbianism, she could not satisfy the first element of a prima facie case under Title VII).

Courts finding that Title VII does not protect discrimination based on sexual orientation have distinguished sexual orientation from sexual stereotyping, which is protected under Title VII. *Kiley*, 296 F. App'x at 109-110 (citing *inter alia Price Waterhouse v. Hopkins*, 490 U.S. 228, 251-52 (1989)). More recently in *Christiansen v. Omnicom Grp., Inc.*, __ F. Supp. 3d __, 2016 WL 951581, at *12-15 (S.D.N.Y. Mar. 9, 2016), the court discussed the principles outlined above and cited Congress's frequent rejection of bills that would have extended Title VII's protection to people based on their sexual preferences. *Christiansen*, 2016 WL 951581 at *12 (citing *Simonton*, 232 F.3d at 35 (citing, e.g., Employment Nondiscrimination Act of 1996, S. 2056, 104th Cong. (1996); Employment Non-Discrimination Act of 1995, H.R. 1863, 104th Cong. (1995); Employment Non-Discrimination Act of 1994, H.R. 4636, 103d Cong. (1994)). The court specifically held that a claim based on "sexual stereotyping" should not be "'used to bootstrap protection for sexual orientation into Title VII.'" *Christiansen*, 2016 WL 951581 at *12 (quoting *Dawson*, 398 F.3d at 218-21; *Kiley*, 296 F. App'x at 109).

While the court in *Christiansen* recognized that the "broader legal landscape" has undergone significant changes since *Simonton*, the prevailing law in this circuit, and in every other circuit to consider the issue is that a line must be drawn between sexual orientation and sexual stereotyping and that *Simonton* is still valid. *Id.* 2016 WL 951581 at *14. The *Christiansen* court considered Christiansen's allegations, finding that ultimately, the claims were based on sexual orientation, and that such allegations would not support a claim under Title VII. *Id.* 2016 WL 951581 at *15. *See also Cargian v. Breitling USA, Inc.*, No. 15 Civ. 1084, 2016 WL 5867445, at *3-4 (S.D.N.Y. Sept. 29, 2016) (recognizing that despite "significant changes in the broader legal landscape" since *Simonton*, the law in the Second Circuit does not recognize Title VII claims based on sexual orientation). This includes "perceived" sexual orientation. *Argeropoulos v. Exide Technologies*, No. 08-CV-3760, 2009 WL 2132443, at *3 (E.D.N.Y. July 8, 2009) (citing *Rissman v. Chertoff*, No. 08–CV–7352, 2008 WL 5191394, at *2 (S.D.N.Y. Dec.12, 2008)).

Dkt. # 9, pp. 6-8 (footnote omitted).

### b. ADEA Discrimination

As to the ADEA discrimination claim, Magistrate Judge Baxter recommended dismissal because the ADEA "protected class" begins at age 40, *see* 29 U.S.C. § 631(a)

4

("the prohibitions in this chapter shall be limited to individuals who are at least 40 years of age), yet plaintiff asserts that he is 36 years old. Dkt. # 9, p. 8.

### c. Retaliation

Magistrate Judge Baxter also found that the AC failed to include facts indicating that plaintiff engaged in a "protected activity" by opposing an employment practice that is made unlawful by either Title VII or the ADEA. *Id.* p. 9. In this regard, Magistrate Judge Baxter wrote:

> Plaintiff states that the defendant "retaliated" against plaintiff by refusing to hire him because he was homosexual. (AC at 6). Plaintiff also alleges that the defendant's employees called the police and placed him on a "do not hire bulletin." However, that conduct is not the basis for a retaliation claim unless the conduct resulted from plaintiff opposing an employment practice made unlawful by the statute. Plaintiff does not claim that he opposed such an employment practice or that the defendant's conduct was motivated by that opposition. Plaintiff continues to misunderstand the meaning of "retaliation" under the statute. Failure to hire may be an adverse action, but it must be causally related to plaintiff's engaging in a "protected activity." Simply applying for a job is not a protected activity. Otherwise, every discriminatory failure to hire would also state a retaliation claim.

*Id.* pp. 9-10 (footnote omitted).

### d. Dismissal

Magistrate Judge Baxter acknowledged that leave to replead is generally granted but will be denied when amendment would be futile. *Id.* p. 10 (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). As Magistrate Judge Baxter indicated, "[f]utility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it." *Id.* (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because plaintiff had been given leave to replead yet merely reasserted the previously dismissed claims albeit in more detail but without sufficient basis to form legally sufficient

5

claims, Magistrate Judge Baxter recommended that all claims be dismissed with prejudice. *Id.*, p. 11.

### e. Proposed Second Amended Complaint

As indicated above, plaintiff filed a proposed 2nd AC. The Court treats this filing as plaintiff's objection to Magistrate Judge Baxter's most recent report and recommendation. In the 2nd AC, plaintiff cites to *Price Waterhouse v. Hopkins* and alleges:

> Childtime did not hire me due to sexual orientation, via intentional sexual stereotyping. Childtime assuming I was homosexual man [*sic*] deliberately did not hire me based on his [*sic*] own view of what a homosexual man is. . . . Childtime is majority made [*sic*] of women members, and shows little consideration to male employees, and based on stereotyping could or could not have perceived notions of men being incapable of caring for children which is inconsistent with modern days [*sic*]. Men are equally capable of doing so, just don't get fair share at it due to the societal feelings of men and "pedophilia." . . . In ending to this second amended complaint, I want to finalize [*sic*] by adding Childtime resorted to not hiring me based on their own personal agenda and aimless [*sic*] attempt at keeping me away from employment although fully qualified, fully interviewed by numerous locations by [*sic*] stereotyping and gender perception. Whether said or not this agency has caused harm to me and has violated federal laws as stated twice.

Dkt. # 22.

There are no Title VII retaliation, ADEA discrimination, or ADEA retaliation claims asserted in the 2nd AC. *See id.*

### f. Analysis

After Magistrate Judge Baxter issued his most recent report and recommendation, the Second Circuit addressed the *Christiansen* decision and, in doing so, refined the way district courts should interpret the holdings of *Simonton* and *Dawson* in the context of allegations plausibly raising gender-based stereotype claims involving a gay plaintiff. *See Anonymous v. Omnicom Group, Inc.*, --- F.3d ----, 2017 WL 1130183 (2d Cir. Mar. 27,

2017). The Circuit acknowledged in *Omnicom Group* that "[s]ome district courts in this Circuit have viewed *Simonton* and *Dawson* as making it 'especially difficult for gay plaintiffs to bring' gender stereotyping claims," *id.,* at *3 (quoting *Maroney v. Waterbury Hosp.*,, 2011 WL 1085633, at *2 n.2 (D. Conn. Mar. 18, 2011)), but found that these courts "misapprehend[ed] the nature of our rulings in *Simonton* and *Dawson*." *Id.* In this regard the Circuit wrote:

> While *Simonton* observed that the gender stereotyping theory articulated in *Price Waterhouse* "would not bootstrap protection for sexual orientation into Title VII because not all homosexual men are stereotypically feminine," 232 F.3d at 38, it acknowledged that, at a minimum, "stereotypically feminine" gay men could pursue a gender stereotyping claim under Title VII (and the same principle would apply to "stereotypically masculine" lesbian women). *Simonton* and *Dawson* do not suggest that a "masculine" woman like the plaintiff in *Price Waterhouse*, 490 U.S. at 235, 109 S. Ct. 1775, has an actionable Title VII claim unless she is a lesbian; to the contrary, the sexual orientation of the plaintiff in *Price Waterhouse* was of no consequence. In sum, gay, lesbian, and bisexual individuals do not have less protection under *Price Waterhouse* against traditional gender stereotype discrimination than do heterosexual individuals. *Simonton* and *Dawson* merely hold that being gay, lesbian, or bisexual, standing alone, does not constitute nonconformity with a gender stereotype that can give rise to a cognizable gender stereotyping claim.

*Omnicom Group*, 2017 WL 1130183, at *3. The Circuit found that "[t]he gender stereotyping allegations in Christiansen's complaint are cognizable under *Price Waterhouse* and our precedents." *Id.*, at *4; *see also id.*, at *1-*2.[1]

Despite the Circuit's guidance on the application of *Simonton* and *Dawson* in the context of a gender stereotyping case arising from a plaintiff's sexual orientation, nothing in the AC, even giving it the liberal reading accorded *pro se* complaints, *see McPherson v.*

---

[1]("Christiansen, an openly gay man who is HIV–positive, worked as an associate creative director and later creative director at DDB Worldwide Communications Group, Inc., an international advertising agency and subsidiary of Omnicom Group, Inc. Christiansen's complaint alleged that his direct supervisor engaged in a pattern of humiliating harassment targeting his effeminacy and sexual orientation. . . . Christiansen's supervisor also made remarks about the connection between effeminacy, sexual orientation, and HIV status.")

*Coombe,* 174 F.3d 276, 280 (2d Cir.1999),[2] indicates that plaintiff was denied employment because of gender stereotyping. Rather, plaintiff repeatedly alleges that he was denied employment because he was gay. *See* AC ¶ 6(F)("Discrimination based on gay male of 36 years old."); ¶ 15 ("I request $100,000 due to malicious and intentional discrimination based on being a gay male."); ¶ I ("First I am re-amended [*sic*] my complaint under retaliation and refusal to hire me based on being a homosexual man, and being 36 years old. Childtime adversely [*sic*] did not hire me based on being a homosexual man."); ¶ IX ("Childtime did not hire me because they assumed obvious or not I was a homosexual male by calling me 'creepy,' and equating [*sic*] gay males are not acceptable for their school environment. As if I would be harmful to the children.");[3] ¶ X ("In ending[,] Childtime has created a divide in hiring me based on me being a homosexual man, after interviewing me and causing multiple distress [*sic*] including the police [*sic*], for reason [*sic*] I still do not know, but also destroying future employment."). Thus, the Circuit's refinement of the application of *Simonton* and *Dawson* in the context of gender-based stereotype claims involving a homosexual plaintiff has no impact on the AC because plaintiff did not raise a plausible gender-based stereotype claim in that pleading. Accordingly, the Court adopts Magistrate Judge Baxter's recommendation to dismiss the Title VII discrimination claim asserted in the

---

[2](*pro se* pleadings should be read liberally and interpreted to "raise the strongest arguments they suggest")(quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994))

[3] While this contention could arguably indicate that plaintiff was claiming he was denied employment based upon a sexual-orientation stereotype, the AC read as a whole indicates his claim was that he was denied employment because of his sexual orientation - not because of a gender stereotype arising from that sexual orientation. Nevertheless, because: (1) plaintiff submitted a proposed Second Amended Complaint which more directly implicates gender-based sexual orientation stereotypes that allegedly affected the hiring decision, (2) an amended complaint supersedes in all respects the prior pleading, and (3) the matter is referred to Magistrate Judge Baxter to determine whether the new pleading satisfies Rule 12(b)(6) and 28 U.S.C. § 1915, plaintiff suffers no prejudice by this determination.

AC.

The question remains, however, whether dismissal of this claim should be with or without prejudice in light of the fact that plaintiff submitted a proposed 2nd AC that facially invokes *Price Waterhouse* and appears to present a gender-based stereotype claim arising from his perceived sexual orientation. Because Rule 15 provides that leave to amend the pleadings should be 'freely give[n] ... when justice so requires," Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962),[4] and because there is no indication that plaintiff acted in bad faith or that the defendant (that has not been served with process) would suffer prejudice by amendment, *see AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010),[5] dismissal of this claim will be without prejudice. Like the Court did following dismissal of the original complaint, the 2nd AC will be referred to Magistrate Judge Baxter to conduct a 28 U.S.C. § 1915 review.

Plaintiff has not alleged an ADEA claim or any plausible retaliation claims in the 2nd AC. Accordingly, the Court adopts Magistrate Judge Baxter's recommendations relative to these claims and dismisses them with prejudice.

## V.     CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Baxter's Report and Recommendation, Dkt. # 9, in part, dismissing with prejudice plaintiff's ADEA discrimination, ADEA retaliation, and Title VII retaliation claims asserted in the Amended Complaint. The Title VII discrimination claim asserted in the Amended Complaint

---

[4](motions to amend complaints should be granted liberally, unless to do so would be futile)

[5](The rule is to allow a party to amend its pleadings in the absence of bad faith, futility of the amendment, or resulting prejudice to the opposing party.)

9

is dismissed without prejudice to repleading, and the proposed Second Amended Complaint, dkt. # 10, is accepted for filing and referred to Magistrate Judge Baxter for a 28 U.S.C. § 1915 review.

**IT IS SO ORDERED.**

Dated: April 13, 2017

Thomas J. McAvoy
Senior, U.S. District Judge