# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SHAUN P. GARVEY,

                              Plaintiff,

        -v.-                                              5:16-CV-1073 (TJM/ATB)

CHILDTIME LEARNING CENTER,

                              Defendant.

SHAUN P. GARVEY, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

The Clerk has sent to the court for review plaintiff's proposed second amended complaint (Dkt. Nos. 10, 13), filed in response to my Order and Report-Recommendation, dated October 19, 2016, which was approved in part by the Honorable Thomas J. McAvoy, Senior United States District Judge on April 13, 2017.[1] (Dkt. Nos. 9, 12).

It has already been determined that plaintiff meets the financial criteria for proceeding in forma pauperis. (Dkt. No. 9). The only issue facing the court is whether the allegations in the Second Amended Complaint ("SAC") (Dkt. No. 13) are sufficient to state a claim in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious;

---

[1] In my October 19, 2016 Order and Report-Recommendation, I recommended dismissing plaintiff's first amended complaint for failure to state a claim, with prejudice. (Dkt. No. 9). As an "objection" to my recommendation, plaintiff filed a second amended complaint. (Dkt. No. 10). Judge McAvoy considered the second amended complaint together with a new Second Circuit case, decided after my October 19th Order and Report-Recommendation. (Dkt. No. 12). Judge McAvoy held that plaintiff's first amended complaint did not cure the defects in the original, and determined that some of plaintiff's claims should be dismissed with prejudice, but that plaintiff's second amended complaint should be accepted for review by the court. (Dkt. No. 12 at 9).

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

The court will focus on whether the SAC states a claim sufficient to survive initial review. To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' SAC under the above standard, continuing to keep in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

I. **Background**

In his original complaint, plaintiff essentially claimed that defendant did not hire him because plaintiff is a homosexual male. Plaintiff stated that the "organization has created blatant and intentional discrimination via my sexual orientation and being a 36-year-old man." (Complaint ("Compl.") ¶ XIII at p.4) (Dkt. No. 1). In another paragraph of the original complaint, plaintiff stated that defendant Childtime "has created pretext against me by using my skills, word choice, and sexual orientation to create a way not to hire me and saying I wasn't a good fit and lacked qualifications. . . ." (Compl. ¶ XV at p.5). Plaintiff also alleged that defendant's employees insulted plaintiff's prior jobs, made rude statements, called the police, affected his finances, and made a mockery of

2

him, "all for just being persistent for a job I truly wanted."[2] (Compl. ¶ XIV at p.5).

In my first Order and Report-Recommendation, I recommended dismissing plaintiff's claims without prejudice because Title VII protects a limited class of individuals, and sexual orientation is not included in the statutorily protected classes. *Kiley v. American Soc. for the Prevention of the Cruelty to Animals*, 296 F. App'x 107, 109 (2d Cir. 2008) (citing *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000)). In *Simonton*, the court held that it was well-settled "in this circuit and in all others to have reached the question that [the plaintiff] has no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation." *Simonton*, 232 F.3d at 35 (alteration in original).[3]

In my recommendation, I also noted that courts finding that Title VII does not protect discrimination based on sexual orientation have distinguished sexual orientation from sexual stereotyping, which is protected under Title VII. *Kiley*, 296 F. App'x at 109-110 (citing inter alia *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251-52 (1989)). I also cited *Christiansen v. Omnicom Grp., Inc.*, 167 F. Supp. 3d 598, 618-22 (S.D.N.Y. 2016), in which the court discussed the principles outlined above and cited Congress's frequent rejection of bills that would have extended Title VII's protection to people based on their sexual preferences. *Christiansen*, 2016 WL 951581 at *12 (citing *Simonton*, 232 F.3d at 35). The court specifically held that a claim based on "sexual

---

[2] The court notes that these allegations do not appear in the plaintiff's second amended complaint. In any event, it appears that these alleged "reactions" by defendant were in response to plaintiff's "persistence," after Childtime declined to hire him, and were not related to any sexual preference or stereotyping.

[3] Since *Simonton*, there have been decisions recognizing such a claim, but as discussed below, the Second Circuit law on this point has not been changed. The "legal landscape" may be evolving, but *Simonton* is still binding on this court.

3

stereotyping" should not be "'used to bootstrap protection for sexual orientation into Title VII.'" *Christiansen*, 167 F. Supp. 3d at 619 (quoting *Dawson v. Bumble & Bumble*, 398 F.3d 211, 218-21 (2d Cir. 2005)); *Kiley*, 296 F. App'x at 109).

While the district court in *Christiansen* recognized that the "broader legal landscape" had undergone significant changes since *Simonton*, the prevailing law in this circuit, is that a line must be drawn between sexual orientation and sexual stereotyping and that *Simonton* is still valid.[4] *Id.* at 619-20. The district court considered Christianen's allegations, finding that ultimately, the claims were based on sexual orientation, and that such allegations would not support a claim under Title VII. *Id.* at 621-22.

In this case, plaintiff filed his First Amended Complaint ("FAC") (Dkt. No. 7) with his "objection" to my Order and Report-Recommendation. Senior Judge McAvoy approved my recommendation of dismissal for the original complaint, but sent the FAC to me for my initial review. (Dkt. No. 8). Upon review, I found that although plaintiff has "amended" his complaint, his basis for alleging Title VII discrimination was still the same. He still claimed that defendant failed to hire him because he is a gay male, even though he had checked the box on the form-complaint indicating that he was discriminated against because of his gender alone. Plaintiff did not claim that defendant Childtime only hired women, or discriminated against plaintiff because he was a man. (Dkt. No. 9 at 6). As a result, I recommended dismissal with prejudice of

---

[4] I also noted that New York State Human Rights Law has included sexual orientation as a protected category. N.Y. Exec. Law § 296(a). New York's protection did not change my Title VII determination. Plaintiff did not raise the New York Human Rights Law, and even if he had, it was likely that the court would not exercise supplemental jurisdiction when all the federal claims would have to be dismissed. *See Christiansen*, 167 F. Supp. 3d at 622 (citations omitted) (dismissing state law sexual orientation discrimination claims after Title VII claims were dismissed).

4

plaintiff's Title VII claims (both discrimination and retaliation) because plaintiff had failed a second time to state a claim. (Dkt. No. 9 at 11). I recommended dismissing plaintiff's age discrimination claim because plaintiff did not meet the age criteria for such a claim.[5] (Dkt. No. 9 at 8). I also recommended dismissing the Title VII retaliation claim with prejudice. (Dkt. No. 9 at 9-10).

After my October 19, 2016 Order and Report-Recommendation, the Second Circuit decided the appeal of *Christiansen*, affirming in part, and reversing the decision, in part. *Anonymous v. Omnicom Group, Inc.*, 852 F.3d 195, 2017 WL 1130183 (2d Cir. Mar. 27, 2017).[6] The Second Circuit did not disturb the *Simonton* or *Dawson* holdings, finding that it was bound by the decisions of prior panels, and also stated that "being gay, lesbian, or bisexual, *standing alone* does not constitute nonconformity with a gender stereotype that can give rise to a cognizable gender stereotyping claim." *Id.* at *3 (emphasis added).

However, the court did hold that the gender stereotyping allegations made by Christiansen were cognizable and stated a claim. These allegations were that his supervisor perceived Christiansen as "effeminate and submissive, and that he was harassed for these reasons." *Id.* at *4. The Second Circuit stated that it was not the court's task at the motion stage to weigh the evidence and evaluate the likelihood that Christiansen would prevail on his gender stereotyping claim. *Id.* Instead, the court was

---

[5] The "protected class" under the Age Discrimination in Employment Act ("ADEA") begins at age 40. 29 U.S.C. § 631(a) ("the prohibitions in this chapter shall be limited to individuals who are at least 40 years of age"). Plaintiff asserted that he is only 36 years old, so he could not meet the first requirement for protection under the ADEA.

[6] Although the F.3d citation has been provided, no pin point page citations appear in the Westlaw version of the decision. Thus, this court must continue to cite the *page numbers.

5

only assessing whether he stated a claim that was "plausible on its face." *Id.* (citing *Iqbal*, 556 U.S. at 678). In a lengthy concurrence, Chief Circuit Judge Katzmann and District Judge Margot K. Brodie (E.D.N.Y.), sitting by designation, wrote in favor of revisiting *Simonton* and recognizing sexual orientation as a protected class.[7] *Id.* at *4-9.

Plaintiff filed his SAC in response to my October 19, 2016 Order and Report-Recommendation. (Dkt. No. 10). Judge McAvoy reviewed my recommendation in conjunction with the FAC, and found that the Title VII retaliation claims and the ADEA claims should be dismissed with prejudice.[8] (Dkt. No. 12 at 9). However, after reviewing the FAC, the SAC, and the Second Circuit's decision in *Christiansen*, Judge McAvoy found that, although the FAC still did not state a claim, the dismissal should be without prejudice, and the SAC should be returned to me for my review. (Dkt. No. 12 at 6-8) (citing *Anonymous v. Omicom Group, Inc.*, *supra*).

## II. SAC

Plaintiff has again used a standard Title VII form-complaint in which he has checked boxes alleging that defendant discriminated against plaintiff by failing to hire him based on his sex and "sexual stereotyping." (SAC ¶¶ 6(A), (F), 7(A)). He has also attached typewritten pages entitled: "New amended complaint against Childtime."

---

[7] The concurring judges also recognized that when *Simonton* was decided, the Second Circuit reached the same conclusion "as every other circuit court that had considered the issue" and that the term "because of . . . sex" did not encompass "sexual orientation," a view also shared by the EEOC at that time. 2017 WL 1130183 at *8 (Katzmann, C.J., Brodie, D.J. concurring). However, the "legal landscape has substantially changed, with the Supreme Court's decisions in *Lawrence v. Texas*, 539 U.S. 558, 123 (2003), and *Obergefell v. Hodges*, __ U.S. __, 135 S. Ct. 2584 (2015), affording greater legal protection to gay, lesbian, and bisexual individuals." *Id.*

[8] Plaintiff did not include these claims in the SAC. Thus, the court is only considering a Title VII claim.

(SAC at CM/ECF p.6-7)[9]. Plaintiff begins the SAC by stating that "Childtime did not hire me due to sexual orientation, via intentional sexual stereotyping. Childtime assuming I was a homosexual man deliberately did not hire me based on [its] own view of what a homosexual man is." (SAC at 6). Plaintiff then states that Childtime is made up of a majority of women, and that the company shows "little consideration to male employees, and based on stereotyping could or could not have preconceived notions of men being incapable of caring for children . . . . Men are equally capable of doing so, just don't get fair share at it due to the societal feelings of men and 'pedophilia.'" (*Id.*)

Plaintiff has clearly taken some of the court's language and incorporated it into the SAC. He cites *Price Waterhouse*, and claims that this is a similar case because it is "connecting what a supposed sex or gender should do, or act like connecting to having a childcare feel uncomfortable about having a male that is gay on staff." (*Id.*) It is unclear whether plaintiff is just reading the court's decisions and attempting to use the proper language that will state a claim. Ultimately, plaintiff is still claiming that he was not hired because he is gay.

Plaintiff also cites a case from Pennsylvania which held, in a case brought by the Equal Opportunity Employment Commission ("EEOC") in its own name, that Title VII's "because of sex" provision prohibits discrimination on the basis of sexual orientation, which is a subset of sexual stereotyping. *U.S. Equal Employment Opportunity Comm'n v. Scott Medical Health Center, P.C.*, No. 16-225, __ F. Supp. 3d __, 2016 WL 6569233, at *5 (W.D. Pa. Nov. 4, 2016). In *Scott Medical Heath Center*, the plaintiff was the EEOC, and the employee in question was called unwelcome names

---

[9] The court is citing to the pages assigned by the court's electronic filing system as plaintiff has not numbered his attached typewritten pages.

and harassed because he was homosexual. *Id.* at *1. The court cited other district courts which have endorsed an interpretation of Title VII that includes a prohibition on discrimination based on sexual orientation. *Id.* at *7 (citing cases). This case is consistent with the concurring opinion in *Anonymous*.

However, the Second Circuit has very recently revisited the issue in *Zarda v. Altitude Express*, No. 15-3775, 2017 WL 1378932 (2d Cir. Apr. 18, 2017). Citing *Christiansen*, the court specifically declined to "revisit" *Simonton*, in part because *Simonton* could only be overturned by the court sitting en banc. *Id.* at *3. In addition, the district court had dismissed Zarda's Title VII claim before trial on summary judgment, even though Zarda tried to base his termination claim on alleged sex "stereotyping." *Id.* at *2. Only Zarda's state law claims under the Human Rights Law went to trial.

Plaintiff in this case has also misapprehended the term "stereotyping." He now seems to allege that defendant did not hire him because the company was stereotyping men in general as pedophiles. However, plaintiff then states that the childcare company might feel "uncomfortable about having a male that is gay on staff." (SAC at 6). Plaintiff does not allege how Childtime would have known that plaintiff was gay. "Stereotyping" under Title VII currently refers to "gender" stereotyping. Gender stereotyping refers to the assumption that men or women should look or act a particular way - women should not be too aggressive and men should not be too effeminate. *See Dawson*, 398 F.3d 211, 218-19 (citations omitted).

Plaintiff's new assertion that Childtime mostly employs women, and that male employees do not get "consideration," based upon a notion that men cannot take care of children has no factual basis in the SAC. (SAC at 6). It is clear that plaintiff's claims

8

about the defendant's basis for failing to hire him continue to be based on mere speculation. There are absolutely no facts stated that would support this assumption. Conclusory allegations are insufficient to state a claim under the civil rights statutes. *See Moore v. City of New York*, No. 15-CV-6600, 2017 WL 35450, at *15 (S.D.N.Y. Jan. 3, 2017) (citing inter alia *Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 13-15 (2d Cir. 2013) (holding that even though allegations may be "consistent" with a Title VII violation, they stopped short of the line between possibility and plausibility when the complaint was devoid of factual allegations that would reasonably give rise to an inference of discrimination)). In this case, plaintiff's assertion that Childtime "could or could not have preconceived notions" is clearly the type of conclusory allegation that prevents plaintiff in this case from stating a claim.

This court finds that plaintiff's SAC fails to state a claim for Title VII discrimination and must be dismissed. Plaintiff has had two opportunities to amend his complaint, and the court finds that to allow another amendment would be futile and that plaintiff's SAC should be dismissed with prejudice.[10]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[10] The court notes that plaintiff has sued four employers in the last year, making the same allegations and filing proposed amended complaints in lieu of objections to the Magistrate Judge's recommendation of dismissal. *Garvey v. GMR Marketing*, 5:16-CV-1072 (BKS/DEP) (dismissed sua sponte Nov. 28, 2016), *appeal dismissed effective* Feb. 14, 2017) (Dkt. No. 15); *Garvey v. Shoppingtown Mall*, 5:16-CV-1136 (MAD/DEP) (Report-Recommending sua sponte dismissal filed Oct. 6, 2016 - Amended Complaint filed October 24, 2016); *Garvey v. Connect Wireless*, 5:16-CV-1071 (BKS/DEP) (dismissed Nov. 28, 2016, after second amended complaint), *notice of appeal filed*, Dec. 28, 2016. One of the four cases survived initial review, and a motion to dismiss was filed. *Garvey v. YMCA of Greater Syracuse*, No. 5:16-CV-1090 (DNH/TWD) (motion to dismiss pending; case referred to assisted mediation on Mar. 8, 2017).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 21, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge