UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAUN P. GARVEY,

        **Plaintiff,**
v.                                                      5:16-CV-1073 (TJM/ATB)

CHILDTIME LEARNING CENTER,

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.**    **INTRODUCTION**

    Plaintiff, proceeding *pro se*, alleged in the Second Amended Complaint that Defendant Child Time Learning Center violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., because it refused to hire him due to his sexual orientation. Dkt. # 13. The Hon. Andrew T. Baxter, United States Magistrate Judge, reviewed the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended that the action be dismissed with prejudice for failure to state a viable claim. Dkt. # 14. Plaintiff filed late objections to Magistrate Judge Baxter's recommendation, which the Court considered, but the Court adopted Magistrate Judge Baxter's recommendation and dismissed the action. *See* 06/09/17 Dec. & Ord., Dkt. # 16 at 1-2.[1] Judgement was entered on June 9,

---

[1] In the introductory paragraph of this Decision and Order, the Court inadvertently stated that the action was brought pursuant to 42 U.S.C. § 1983. Dkt. # 16 at 1. However, as indicated in the Court's
(continued...)

2017. Dkt. # 17. On October 10, 2017, Plaintiff filed a motion to reopen his case. Dkt. # 19. In this motion, Plaintiff asserts that his mailing address was incorrectly entered in the Court's docketing system, and argues that documents he submitted to the Court do not appear on the docket. *Id.* Plaintiff asks the Court to reconsider its decision to dismiss the case. *Id.* On November 28, 2017, Plaintiff filed a second motion asking the Court to reevaluate its decision to dismiss this action based on documents he previously submitted. Dkt. # 22.

## II. DISCUSSION

### a. Motion for Reconsideration

To the extent that motions Dkt. # 19 and Dkt. # 22 seek reconsideration of the Court's decision to dismiss the case, those motions are denied. Plaintiff fails to present a justifiable basis for reconsideration of the Court's prior decision. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (Reconsideration may be granted only where the moving party can show: (1) "an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.")(quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790); *Delaney v. Selsky*, 899 F. Supp 923, 925 (N.Y.N.D. 1995)(same). The fact that Plaintiff's mailing address was incorrectly entered in the Court's docketing system (discussed below) provides no basis to conclude that documents he submitted to the Court were not entered in the system. Indeed, a review of the docket indicates that documents

---

[1](...continued)
previous Decision and Orders in the case, Dkt. # 8 & Dkt. # 12 (which the Court cited in the Decision and Order), the Court reviewed Plaintiff's claim under Title VII.

2

Plaintiff submitted after September 29, 2016 - the date his mailing address was incorrectly entered - were docketed in the system. Plaintiff's conclusory allegation that he submitted documents "that don't appear" is insufficient to warrant reconsideration. Further, his request for the Court to review documents he previously submitted is not a justifiable basis for reconsideration. *See Gupta v. Attorney Gen. of U.S.*, 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014)("[A] motion to reconsider is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument.")(internal quotation marks and citation omitted).

### b. Motion to Reopen Case

Construing Plaintiff's Dkt. # 19 motion to raise the strongest argument it suggests, *see Cruz v. Gomez*, 202 F.2d 593, 597 (2d Cir. 2000)(the courts must construe *pro se* pleadings broadly and interpret them to raise the strongest arguments they suggest), the Court interprets it as a motion to reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.[2]  *See* Dkt. # 19 ("I'm writing to have my case re-opened. . . . I need the chance to show the court that I need to win this . . . Please give me the opportunity not to let these issues fall on deaf ears."). Rule 4(a) (6) provides:

> (6) **Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or

---

[2] By the time Dkt. # 19 was filed, the time limit to file a motion for permission to file a late notice of appeal had already expired. *See* Fed. R. App. P. 4(a)(6).

> within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier;
>
> and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court has examined the factors set forth in Fed. R. App. P. 4(a)(6)(A)-(C), and finds that each have been satisfied. First, Plaintiff did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment within 21 days after its entry. The docket indicates that the judgment mailed to Plaintiff was returned as undeliverable. Dkt. # 18. The envelope in which the judgment was mailed was addressed to Plaintiff at P.O. Box 6, Liverpool, N.Y. 13090. *Id.* A Clerk's Office investigation, instituted after Plaintiff called the Clerk's Office on October 4, 2017 inquiring whether the Court issued a decision on Magistrate Judge Baxter's recommendation to dismiss the Second Amended Complaint, revealed that on September 29, 2016, Plaintiff filed a Notice of Change of Address indicating that his new address was P.O. Box 12, Liverpool, N.Y. 13090. Apparently, the wrong P.O. Box number was inadvertently entered into the Court's docketed system. Plaintiff's call to the Clerk's Office was made one hundred and seventeen (117) days after the judgment was entered. Because Plaintiff was unaware of the entry of judgement until he made this call, the requirement set forth in Subsection A is met. *See* Fed. R. App. P. 4(a)(6)(A).

Second, Plaintiff's motion to reopen the case, Dkt. # 19, was filed one hundred and twenty-three (123) days after entry of judgment, and six (6) days after being told on the telephone that judgment had already been entered. These facts satisfy Subsection B. *See* Fed. R. App. P. 4(a)(6)(B).

4

Third, the Court finds that no party will be prejudiced by reopening the time to file a notice of appeal, and thus Subsection C is satisfied. *See* Fed. R. App. P. 4(a)(6)(C). Dismissal occurred following a § 1915(e)(2)(B)(ii) review. Defendant had not been served or appeared in the action, and dismissal was *ex parte*. Thus, Defendant will suffer no prejudice if Plaintiff elects to appeal.

Accordingly, the time to file a notice of appeal is reopened for a period of fourteen (14) days after entry of this Decision and Order. *See* Fed. R. App. P. 4(a)(6). Therefore, if Plaintiff elects to appeal, he must file a notice of appeal within fourteen (14) days of the date this Decision and Order is entered on the docket.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to reopen the case, Dkt. # 19, is **GRANTED in part** and **DENIED is part**. The motion is denied to the extent Plaintiff seeks reconsideration of the dismissal decision. The motion is granted to the extent Plaintiff seeks to reopen the case for purposes of filing a notice of appeal. The time to file a notice of appeal is reopened for a period of fourteen (14) days after entry of this Decision and Order. *See* Fed. R. App. P. 4(a)(6). <u>Therefore, if Plaintiff elects to appeal, he must file a notice of appeal within fourteen (14) days of the date this Decision and Order is entered on the docket.</u>

Plaintiff's motion for reconsideration, Dkt. # 22, is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 20, 2018

Thomas J. McAvoy
Senior, U.S. District Judge